**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTINE M. TURNER,**

                      **Plaintiff,**

                      v.

**NANCY BERRYHILL,**[1]
Acting Commissioner of
Social Security,

                      **Defendant.**
_____

**1:15-cv-1039
(GLS)**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Christine M. Turner<br>Pro Se<br>2914 State Route 22<br>Cambridge, NY 12816 | |
| **FOR THE DEFENDANTS:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261 | KATHRYN S. POLLACK<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

_____

    [1] The Clerk is directed to amend the caption and substitute Nancy Berryhill as the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

**Gary L. Sharpe**
**Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Christine Turner challenges the Commissioner of Social Security's denial of widow's insurance benefits (WIB), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Turner's arguments, the Commissioner's decision is affirmed and the complaint is dismissed.

## II. Background

In 2012, Turner filed an application for WIB under the Social Security Act ("the Act"). (Tr.[2] at 12-18.) After her application and her request for reconsideration were denied, (*id.* at 21-22, 58-62), Turner requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 74), which was held on February 4, 2014, (*id.* at 138-51). On February 21, 2014, the ALJ issued an unfavorable decision finding Turner ineligible for WIB and denying the requested benefits, (*id.* at 6-11), which became the

---

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 13.)

Commissioner's final determination upon the Appeals Council's denial of review, (*id.* at 2-4).

Turner commenced this action by filing her complaint on August 25, 2015 wherein she sought review of the Commissioner's determination. (*See generally* Compl.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (Dkt. Nos. 12, 13.)  Each party, seeking judgment on the pleadings, filed a brief.  (Dkt. Nos. 19, 21.)

### III.  Contentions

Turner contends that the ALJ erred in denying her benefits because she had been married to the wage earner for a total of twelve years.  (Dkt. No. 19 at 1.)  Specifically, Turner asserts that the Social Security Administration's (SSA) website did not indicate that she needed to be married to the wage earner for ten consecutive years as opposed to at least ten total years.  (*Id.*)  In response, the Commissioner argues that the ALJ's determination was supported by substantial evidence because Turner was not married to the insured for ten calendar years before their final divorce as required by the Act.  (Dkt. No. 21 at 3-6.)

### IV.  Facts

The court adopts the undisputed factual recitations of the parties and the ALJ.  (Dkt. No. 19 at 1-5; Dkt. No. 21 at 2; Tr. at 10-11.)  That said, the

court highlights certain relevant facts. Turner twice married and divorced the wage earner in New York. (Tr. at 27-30, 32-36.) Turner first married the wage earner on July 10, 1971, and they subsequently divorced after six years on September 26, 1977. (*Id.* at 27-30.) Turner remarried the wage earner on March 30, 1980, and they again divorced after six years on March 26, 1986. (*Id.* at 32-36.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).[3]

## VI. Discussion

### A. WIB Eligibility

A surviving divorced spouse is eligible for WIB. *See* 42 U.S.C. § 402(e). To qualify for these benefits, a claimant must, among other things, be validly married to a wage earner for at least ten years immediately before their final divorce. *See* 42 U.S.C. § 416(d)(2); 20

---

[3] Although *Christiana* evaluates the Commissioner's denial of disability benefits, district courts employ the same standard of review to assess the denial of WIB. *See Harper v. Astrue*, No. 05-CV-924, 2008 WL 4516232, at *1 (E.D.N.Y. Oct. 2, 2008).

C.F.R. § 404.336(a).[4]  A valid marriage is determined by the state law where a wage earner had a permanent home upon his death.  *Id.* § 404.345.  The parties agree, and the court concurs, that New York law governs this case.  (Dkt. No. 19 at 2; Dkt. No. 21 at 5.)  As common law marriage no longer exists in New York, *see Morone v. Morone*, 50 N.Y.2d 481, 484 (1980), only the years in which a claimant and a wage earner were married by civil contract are WIB eligible, *see* N.Y. Dom. Rel. Law § 10.

Courts strictly construe the ten-year duration requirement.  *See*, *e.g.*, *Albertson v. Apfel*, 247 F.3d 448, 449-50 (2d Cir. 2001) (rejecting a claimant's application because her marriage to the wage earner fell three days short of ten years).  In general, a claimant satisfies this requirement if she or he was married to the wage earner for ten *consecutive* years before divorce.  *See* Program Operations Manual System (POMS) RS 00202.005, Social Security Administration, https://secure.ssa.gov/poms.nsf/lnx/0300202005 (last visited Mar. 15,

---

[4]  As the Commissioner points out, (Dkt. No. 21 at 3 n.2), the ALJ incorrectly cited to regulations governing a divorced spouse's insurance benefits rather than widow's insurance benefits.  This, however, is of no moment because both regulations have the same marriage eligibility requirements.  *Compare* 20 C.F.R. § 404.331(a)(2)*, with* 20 C.F.R. § 404.336(a)(2).

2017) (hereinafter "POMS RS 00202.005") (stating that the duration requirement is satisfied "if the divorce became final on or after the [tenth] anniversary of marriage").[5] In certain limited circumstances, the ten-year period may be interrupted by divorce and remarriage to the same wage earner. *See* SSR 67-66, 1967 WL 2987, at *1 (Jan. 1, 1967); POMS RS 00202.005 (noting that the marriage duration requirement before 1979 was twenty years). To be WIB eligible in such a case, a claimant must remarry the wage earner "no later than the calendar year immediately following the calendar year of the divorce." POMS RS 00202.005; *see Davenport v. Astrue*, No. 06-cv-02350, 2008 WL 687362, at *1 (D. Colo. Mar. 11, 2008) (holding that the years from a claimant's first marriage to the wage earner did not count towards her WIB eligibility because their remarriage occurred years after the first marriage ended in divorce).

Here, Turner is ineligible for WIB because her marriage to the wage earner did not meet the duration requirement. Turner was married to the wage earner for a total of twelve years; however, not all of those years

---

[5] Although not legally binding on the Commissioner, *see Tejada v. Apfel*, 167 F.3d 770, 775 (2d Cir. 1999), POMS entries may be evidence of the Commissioner's construction of its regulations and are entitled to some level of deference. *See Binder & Binder PC v. Barnhart*, 481 F.3d 141, 151 (2d Cir. 2007).

6

occurred "immediately before [her] divorce became final." 20 C.F.R. § 404.336(a)(2). Turner's first divorce from the wage earner and remarriage to him did not occur in the same calendar year. (Tr. at 28-30, 31.) Therefore, the years from Turner's first marriage cannot be counted towards the ten-year duration requirement. *See* POMS RS 00202.005; *Davenport*, 2008 WL 687362, at *1. Turner remarried the wage earner before they divorced only six years later. (Tr. at 32-36.) Because New York does not recognize common law marriage, Turner cannot rely on time in which she resided with the wage earner while unmarried to make up the difference. *See* 20 C.F.R. § 404.345; *Morone*, 50 N.Y.2d at 484; N.Y. Dom. Rel. Law § 10. Consequently, Turner is not entitled to WIB because she was not married to the wage earner for ten years immediately before her divorce became final. *See* 42 U.S.C. § 416(d)(2); 20 C.F.R. § 404.336(a)(2). As such, the ALJ applied the correct legal standard and substantial record evidence[6] supports her determination.

To the extent that Turner challenges the information provided on the SSA website, her argument is without merit. As the ALJ notes, (Tr. at 10),

---

[6] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

SSA regulations control conflicting or inconsistent policy interpretations. *See, e.g.*, *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 78 (2d Cir. 2009) (finding courts will not defer to policy interpretations that conflict with agency regulations). Here, the regulations and consistent interpretative policies require that a claimant must be married to the wage earner for ten calendar years before the final divorce. *See* 20 C.F.R. § 404.336(a)(2); POMS RS 00202.005. Accordingly, any inconsistent information on the SSA's website does not control.

**B.     Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Turner's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 20, 2017
Albany, New York

_Gary L. Sharpe_
Gary D. Sharpe
U.S. District Judge